IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TEO A. JAMISON,<br><br>*Plaintiff*,<br><br>v.<br><br>Sheriff GARY LONG, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:19-cv-00457-TES-MSH |

**ORDER ADOPTING IN PART THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 83], whereby he recommends that the Court grant Plaintiff's Motion to Amend Complaint [Doc. 63] and his Motion to Add Defendants [Doc. 65] but deny his Motion to Raise State Law Claims [Doc. 64]. These are not the only recommendations. However, to understand the remaining recommendations, the Court finds it necessary to present a brief procedural background.

In October 2020, after a year of litigation, Defendants Long, Wrobel, Younger and Bell moved to dismiss those claims alleged against them in Plaintiff's Second Recast

Complaint [Doc. 21].[1] *See* [Doc. 40]; [Doc. 44]; [Doc. 47]. Plaintiff failed to timely respond to the aforementioned Defendants' motions to dismiss, and the United States Magistrate Judge issued an R&R [Doc. 62] on February 22, 2021, recommending that Defendants' motions be granted. *See generally* [Doc. 62]. Then, on March 10, 2021, the Court finally received Plaintiff's responses/objections to the motions to dismiss. *See* [Doc. 68]; [Doc. 69]. Inclusive in this mailing were the following documents: Plaintiff's Motion to Amend Complaint, his Motion to Raise State Law Claims, and his Motion to Add Defendants. *See* [Doc. 63]; [Doc. 64]; [Doc. 65]. Two days later, the Court received an additional mailing from Plaintiff—his Objections [Doc. 71] to that February 22nd R&R.

Upon Plaintiff's sworn statement that he mailed these documents within the time limits imposed by the prison mailbox rule[2], the United States Magistrate Judge accepted them as timely and withdrew that R&R "to address [these] subsequently-filed

---

[1] Plaintiff filed his original Complaint [Doc. 1] on November 18, 2019, but he failed to appropriately file it on the Court's standard § 1983 form. Therefore, the United States Magistrate Judge ordered Plaintiff to recast his complaint using the aforementioned form. [Doc. 6]. Plaintiff complied and filed his First Recast Complaint [Doc. 11] using the standard form on January 13, 2020. However, the United States Magistrate Judge performed a preliminary review of Plaintiff's First Recast Complaint and noted substantive deficiencies in the presentation of his claims against the then-named defendants. [Doc. 20]. Therefore, he once again ordered Plaintiff to recast his complaint and cure such deficiencies if he wished to proceed in this action. [*Id.* at p. 4]. The Court received Plaintiff's Second Recast Complaint [Doc. 21] on June 2, 2020. Defendants Long, Wrobel, Younger, Bell, and Kvistad move to dismiss the claims asserted against them as alleged *in this Second Recast Complaint*. *See generally* [Doc. 40]; [Doc. 44]; [Doc. 47]; [Doc. 76].

[2] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam) (citation omitted). Plaintiff asserts that he provided prison officials "a manilla envelope containing legal documents for mailing at the USP Hazelton facility[]" on January 28, 2021. [Doc. 81, p. 1]. Accepting this assertion as true, Plaintiff timely filed his Objection [Doc. 71] to the United States Magistrate Judge's first Report and Recommendation ("R&R").

documents." *See* [Doc. 74]; [Doc. 79]. On May 27, 2021, the United States Magistrate Judge issued a new R&R [Doc. 83]—the one pending before this Court.

In it, he addressed each "subsequently-filed document[]" and provided his recommendations—as stated above. He also addressed Defendants' motions to dismiss.[3] *See* [Doc. 40]; [Doc. 44]; [Doc. 47]; [Doc. 76]. As to these motions, the United States Magistrate Judge recommended that they be granted in part and denied in part as moot. [Doc. 83, pp. 17–24]. Specifically, he recommended "that they be granted as to Plaintiff's deliberate indifference claims related to delayed treatment of [Plaintiff's] finger because of [his] failure to exhaust." [*Id.* at pp. 24–25]. And he recommended that the motions to dismiss be denied as moot as to all other claims in "light of [Plaintiff's] amended complaint." [*Id.* at p. 25]. Following the issuance of this R&R, Defendants Wrobel and Younger raised objections to several recommendations. *See generally* [Doc. 86]. In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of those portions of the R&R to which Defendants objected. The remainder of the R&R was reviewed for clear error. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

---

[3] Defendant Kvistad filed her Motion to Dismiss [Doc. 76] at a later point in time than Defendants Long, Wrobel, Younger and Bell so that the February 22nd R&R did not consider her dismissal motion, as it did the others. However, the R&R now before the Court does. Therefore, when the Court refers to "Defendants' motions to dismiss", it is now referring to those motions filed by Defendants Long, Wrobel, Younger, Bell, *and* Kvistad.

3

## DISCUSSION

A. **Plaintiff's Motion to Amend Complaint, Motion to Add Defendants & Motion to Raise State Law Claims**

In his R&R, the United States Magistrate Judge recommends that the Court grant Plaintiff's Motion to Amend Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). *See* [Doc. 83, pp. 13–14]. Relatedly, since Plaintiff is entitled to amend as a matter of right, he recommends that Plaintiff's Motion to Add Defendants be granted. [*Id.*]. When issuing these recommendations, the United States Magistrate Judge also reviewed the Amended Complaint attached to Plaintiff's Motion. Upon such review, the United States Magistrate Judge noted several deficiencies in the pleading, such as Plaintiff's failure to: (1) sign the pleading (as required by Federal Rule of Civil Procedure 11(a)), (2) use the Court's standard § 1983 form, (3) provide numbered responses to questions previously posed by the Court, or (4) write legibly. [*Id.* at pp. 14–15]. As a result, the United States Magistrate Judge ultimately recommended that Plaintiff recast his Amended Complaint to cure these deficiencies. [*Id.* at p. 16 (listing four distinct instructions for Plaintiff to follow when recasting his Amended Complaint)].

Defendants Wrobel and Younger object to the recommendation that Plaintiff be allowed to amend his second recast complaint as a matter of course, and relatedly, add defendants to this action. *See generally* [Doc. 86, pp. 4–10]. Defendants argue that "Plaintiff has already amended his pleading *twice* as a matter of course and should not

4

be granted his Motion to Amend the complaint yet again." [*Id.* at pp. 4–5 (citation omitted & emphasis in original)]; *see also* [*id*. at p. 7 ("Plaintiff has already been given an opportunity to amend his complaint *more than once* with instructions by the Court on how to do so.") (emphasis in original)].

By way of this argument, Defendants are referring to the United States Magistrate Judge's previous two Orders [Doc. 6]; [Doc. 20] instructing Plaintiff to recast his complaint due to various pleading deficiencies. Plaintiff filed his original Complaint to initiate this action on November 18, 2019. [Doc. 1]. The next day, the United States Magistrate Judge ordered Plaintiff to recast his original Complaint on the standard § 1983 form. [Doc. 6]. He also instructed Plaintiff to state his claims as simply as possible and "tell the Court exactly how each [defendant] violated his constitutional rights[.]" [*Id.* at p. 2]. At this point in time, no party had been served. Plaintiff then recast his complaint on the standard form ("First Recast Complaint") [Doc. 11].

The United States Magistrate Judge performed a preliminary review of the substantive claims embodied within Plaintiff's First Recast Complaint and concluded that "Plaintiff ma[de] only general allegations[,]" and "[did] not connect the named defendants to Plaintiff's alleged violations." [Doc. 20, at p. 2]. As a result of these pleading deficiencies, Plaintiff was once again ordered to recast his complaint, with the specific instruction to "identify the defendants against whom he want[ed] to [make] claims against in this case and . . . provide specific factual allegations to support his

claims of constitutional or other federal violations." [*Id.* at p. 4]. Once again, no party had been served. Plaintiff complied and recast his complaint ("Plaintiff's Second Recast Complaint") [Doc. 21].

Defendants characterize the United States Magistrate Judge's recommendation as one allowing Plaintiff to "file a third amended complaint and then recast that amendment to cure repeated deficiencies" because (in light of the aforementioned background) it would "essentially provid[e] Plaintiff a *fourth* opportunity to amend his complaint, in violation of Rule 15(a)(1)." [Doc. 86, pp. 5, 10 (emphasis in original)]. In support, Defendants cite to *Salazar v. McGillicuddy Works, LLC*, No. CV 112-144, 2013 WL 209210 (S.D. Ga. Jan. 17, 2013), for the proposition that since Plaintiff has had the opportunity to amend his complaint with instruction by the Court on how to do so, then he should not be permitted to amend his complaint again as a matter of right.

Federal Rule of Civil Procedure 15(a)(1) permits a party to file an amended complaint once as a matter of course, so long as the amended complaint is filed either within 21 days after service of the original complaint or within 21 days after service of a responsive pleading or Rule 12 motion to dismiss. "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants argue that Plaintiff already used his amendment as a matter of course when he filed his recast complaints as ordered by the United States Magistrate Judge.

The Court simply cannot agree. First, Plaintiff was ordered to recast his complaint (on both occasions) before any defendants were served notice of the pending action against them.[4] "[S]ome courts have concluded that amendments filed before service do not count against the plaintiff's opportunity to amend as a matter of course." *Maldonado v. Ford, et al.*, NO. 5:19-cv-421, 2021 WL 2689837, at *1 (M.D. Ga. June 30, 2021) (citing *Stephens v. Atlanta Indep. Sch. Sys.*, No. 1:13-cv-978-WSD, 2013 WL 6148099, at *2 (N.D. Ga. Nov. 22, 2013); *Ward v. Glynn Cnty. Bd. of Comm'rs*, CV 215-077, 2016 WL 4269041, at *8 (S.D. Ga. Aug. 11, 2016); *Stelmaszek v. Klinker*, No. 8:14-cv-2174-T-35AEP, 2015 WL 12857084, at *2 (M.D. Fla. Apr. 6, 2015)). These courts reached such a conclusion based upon a plain text analysis of Rule 15(a)(1)—noting that the Rule allows amendment as a matter of course so long as it is filed "*within . . .* 21 days *after service*" of defendant's filing of a responsive pleading or Rule 12 motion. *Id.*; Fed. R. Civ. P 15(a)(1) (emphasis added). This language suggests that:

> the window for amendment as a matter of course might not *open* until the responsive pleading or motion is served. If so, pre-service motions to amend . . . *pro se* complaints are made under 15(a)(2) and do not use up the *pro se* plaintiff's opportunity to amend as a matter of course.

*Maldonado*, 2021 WL 2689837, at *1. And, while Defendants cite to cases (non-controlling) with rulings contrary to this conclusion, it appears that the United States Magistrate Judge, when issuing his recommendations, was well-aware of such rulings.

---

[4] The United States Magistrate Judge ordered service to be made on Defendants Jones, Bell, Wroble, Younger, and Sheriff Long in his R&R issued on August 5, 2020. *See* [Doc. 23, p. 18].

7

*See, e.g.,* [Doc. 83, p. 13 (citing *Bingham v. Morales*, No. CV-311-019, 2011 WL 5358594, at *2 (S.D. Ga. Nov. 4, 2011), for the proposition that because the plaintiff "had twice amended his complaint prior to his motion to amend[, this] precluded him from amending the complaint again as a matter of right, irrespective of the fact that his prior amendments were directed by the Court to address pleading deficiencies.")]. The United States Magistrate Judge considered the conflicting positions and reasoned that the law was not so "clear [as to] bar[ Plaintiff] from filing an amended complaint as a matter of course." [*Id.* at p. 13]. The Court will not upset such a well-reasoned conclusion. Simply put, a plaintiff shouldn't lose his *right* to amend only because he complied with a court's instructions to recast his complaint. *See Maldonado*, 2021 WL 2689837, at *1 ("Plaintiffs generally comply (or partial comply) with . . . orders [to amend or recast], but many would be surprised if they later learned that they used up their one chance to amend as a matter of course.").

Therefore, the Court overrules Defendants' objections on this matter and concludes that Plaintiff's previous recast complaints do not count as an amendment made as a matter of course. The Court adopts the R&R as it relates to the finding that Plaintiff's Motion to Amend Complaint [Doc. 63] is an amendment as a matter of course. Relatedly, the Court also adopts the R&R as it relates to the addition of Defendants Chief White, Captains Lee and Weaver, Officer Blackmon, and Nurse Tracy. [Doc. 83, p. 12]. Since Plaintiff is free to amend his pleading, the Court will not restrict

8

such freedom by excluding the addition of new parties. *See Johnson v. District of Columbia*, 244 F.R.D. 1, 6 (D.D.C. 2007) (citing Fed. R. Civ. P. 15(a), (c); 6 Wright, Miller & Kane, Federal Practice & Procedure Civil 2d § 1474 (1990)) ("It is well accepted that a plaintiff may add new defendants in amending her complaint 'as a matter of course.'"). Therefore, the Court grants Plaintiff's Motion to Add Defendants [Doc. 65], to the extent those newly-named parties appear in his Amended Complaint.

In the alternative, Plaintiff's Motion to Raise State Law Claims is not relevant to his Amended Complaint. Rather, his Motion simply states that "Plaintiff would like expert (*sic*) to file affidavit in requirement with O.C.G.A. § 9-11-9.1." [Doc. 64, p. 1.]. Since no parties objected to the United States Magistrate Judge's denial of this Motion, the Court reviews it only for clear error. 28 U.S.C. § 636(b)(1)(A). Finding no clear error, the Court adopts the United States Magistrate Judge's R&R as to this matter and denies Plaintiff's Motion to Raise State Law Claims [Doc. 64].

**B.    Defendants' Motions to Dismiss**

The United States Magistrate Judge recommends that Defendants' motions to dismiss be granted in part and denied in part as moot. [Doc. 83, pp. 17–24]. Specifically, it is recommended that they be granted as to Plaintiff's deliberate indifference claims related to the delayed treatment of his finger because of Plaintiff's failure to exhaust. [*Id.*]. And, it is recommended that they be denied as moot as to all other claims in light of Plaintiff's Amended Complaint. [*Id.*]. Defendants object to the second part of the

recommendation on the basis that they believe that Plaintiff waived his right to amend as a matter of course, and his Motion to Amend and Motion to Add Defendants should be denied. [Doc. 86, pp. 10–11]. The argument follows that if the amendment is denied, then the motions to dismiss are not mooted by an amended complaint, and they should be granted on their merits. *See generally* [*id*.].

The Court has already discussed in detail why the United States Magistrate Judge did not err in concluding that Plaintiff could amend (and in fact did amend) his complaint as a matter of course. And since that amendment was granted, Plaintiff's Amended Complaint is now the operative pleading in this action. Relatedly, Defendants' motions to dismiss effectively direct the Court to consider claims and allegations in Plaintiff's Second Recast Complaint—a pleading that has been completely superseded. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that the filing of an amended pleading renders the previous pleading a "legal nullity"); *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."); *see also Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999). Given that rule, Defendants' motions to dismiss must be terminated as moot *in their entirety*. *See Renal Treatment Ctrs.-Mid-Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC*, No. 608CV087, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009)

(ruling that a motion to dismiss was rendered moot by an amended complaint because it was based solely on a then irrelevant pleading); *Cordell v. Pac. Indem.*, No. 4:05CV167-RLV, 2006 WL 1935644, at *4 (N.D. Ga. July 11, 2006) (dismissing defendant's motion for summary judgement as moot because it was filed prior to the date of plaintiff's amended complaint); *Raley v. Bank of Am., N.A.*, No. 2:14-CV-857-WMA, 2014 WL 6684906, at *3 (N.D. Ala. Nov. 25, 2014) ("Because [plaintiff's] claims in his original complaint ha[d] been abandoned or superseded, the [defendant's] motion for judgment on the pleadings is due to be denied as moot, because it relates only to [plaintiff's] original complaint."); *see also Suber v. Cancer Treatment Ctrs. of Am. Global, Inc.*, NO. 3:21-cv-00003-TCB-RGV, 2021 WL 2639044, at *1 (N.D. Ga. May 13, 2021) (citing cases).

Therefore, the Court disagrees with the recommendation to grant Defendants' motions to dismiss in part, as Plaintiff's Amended Complaint supersedes the pleading upon which these motions were based.

**C.      Recasting Plaintiff's Amended Complaint**

Lastly, the United States Magistrate Judge recommends that Plaintiff recast his Amended Complaint to correct those pleading deficiencies that he noted in the R&R after he concluded his 28 U.S.C. § 1915A(a) preliminary review. The Court has already addressed Defendants' objections to this recommendation above and therefore, overrules them. As a result, the Court orders Plaintiff to recast his Amended Complaint to address the pleading deficiencies outlined in the R&R. To be clear, Plaintiff must (1)

file his Recast Amended Complaint on the standard § 1983 form; (2) write legibly; (3) clearly identify each defendant and the causes of action being asserted against each one, along with factual allegations supporting each cause of action; and (4) sign the pleading. *See also* [Doc. 83, p. 16].

Plaintiff must file his Recast Amended Complaint (titled as such) within 14 days after being served a copy of this Order. If Plaintiff fails to do so within the applicable timeframe, then the Court will dismiss this action in its entirety for failure to follow the Court's orders. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 803 (11th Cir. 2006) (per curiam) (upholding dismissal of an action whereby the plaintiff was forewarned that non-compliance with court orders could result in the dismissal of his action). After Plaintiff files his Recast Amended Complaint, the United States Magistrate Judge will conduct another frivolity review under 28 U.S.C. § 1915(A). After this next frivolity review, he will issue an R&R that clearly outlines any parties and claims that survive. At that point, any remaining party will again have the right to file a Rule 12 motion if sufficient grounds exist to do so.

### **CONCLUSON**

The Court **ADOPTS** the United States Magistrate Judge's R&R [Doc. 83] as to his recommendations that the Court grant Plaintiff's Motion to Amend Complaint [Doc. 63] and his Motion to Add Defendants [Doc. 65] but deny his Motion to Raise State Law Claims [Doc. 64] and **MAKES IT THE ORDER OF THE COURT**. The Court

**TERMINATES** as moot the following motions: Defendant Long's Motion to Dismiss [Doc. 40], Defendants Wrobel and Younger's Joint Motion to Dismiss [Doc. 44], Defendant Bell's Motion to Dismiss [Doc. 47], and Defendant Kvistad's Motion to Dismiss [Doc. 76]. Finally, the Court **ORDERS** Plaintiff to recast his Amended Complaint to correct those pleading deficiencies as outlined in this Order and the R&R within **14 days** after being served a copy of this Order.

**SO ORDERED**, this 13th day of July, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
