IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TEO A. JAMISON,<br><br>    *Plaintiff*,<br><br>v.<br><br>Sheriff GARY LONG, *et al.*,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>5:19-cv-00457-TES-MSH |

**ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are cross-objections to the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 141]. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court, after "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection [has been] made[,]" **ADOPTS** the magistrate judge's R&R for the reasons explained below.

    A.    <u>**Exhaustion of Administrative Remedies**</u>

After completing *Turner v. Burnside*'s two-step process for determining whether an inmate properly exhausted his institutionally offered administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, the magistrate judge found that Plaintiff Teo A. Jamison failed to do so with respect to his claim for a broken

finger[1] and his retaliation claim. 513 F.3d 1077 (11th Cir. 2008); [Doc. 141, pp. 8–10]. As for Jamison's retaliation claim, the magistrate judge based his recommendation on the fact that "none of Jamison's grievances address such [an] issue." [Doc. 141, p. 10]. To reach this finding, the magistrate judge squarely addressed all six of Jamison's relevant grievances and was especially attentive to their contents. [*Id.* at pp. 7–14]. The Court, in its de novo review, does the same.

> In pertinent part, Jamison wrote in Grievance Number 201920:
>
> On September 11, 2019[,] I showed [O]fficer Blackmon that I have a need for my cane. After being constantly harassed by Officer Blackmon[,] I feel that she does not have my best interest in mind when it comes to my *medical* and physical well being [*sic*]. She has continued to [d]iscriminate against me and my *medical* [n]eeds.

[Doc. 140-5, p. 1] (emphasis added). Then, as a desired solution to that grievance, Jamison wrote that he "would like for [a prison official] to . . . find out why [he] continue[s] to be [d]iscriminated against *[m]edically*" and for an officer "without grudge of retaliation to answer [his] grievance." [*Id.*] (emphasis added).

The magistrate judge noted that Jamison—in his arguments opposing Defendants' motions to dismiss—didn't rely on Grievance Number 201920 to support a retaliation claim, and on top of that, the magistrate judge found that Grievance Number

---

[1] Jamison did not object to the magistrate judge's finding that he failed to exhaust his administrative remedies regarding his broken finger. [Doc. 141, pp. 9–10]. Accordingly, the Court also **ADOPTS** the portion of the magistrate judge's R&R finding that Jamison "failed to exhaust his administrative remedies for the broken finger claim." [*Id.* at p. 10].

2

201920 "is too vague to put" Butts County Detention Center (the institution where Jamison was incarcerated) "on notice of actual retaliation." [Doc. 141, p. 10 n.3]. "At most," the magistrate judge found that Grievance Number 201920 "would place BCDC on notice that Jamison felt that Blackmon was discriminating against him regarding [Jamison's] medical care." [*Id.*]. Based on a plain reading of Grievance Number 201920, the Court sees no reason to disturb this finding.

Jamison, however, objects to this portion of the magistrate judge's findings, but he does so on different grounds. [Doc. 148, pp. 1–2]. In short, the magistrate judge found that Jamison's grievances addressed topics besides retaliation. [Doc. 141, p. 10]. Rather than attack that specific recommendation, Jamison jumps back to his belief that his grievances *do* mention retaliation and that he exhausted his administrative remedies with respect to such a claim because he followed the appeal process. [Doc. 148, p. 1].

Jamison contends that he "followed up [on Grievance number 201920]" with at least two handwritten requests to alert appropriate prison officials that Officer Blackmon "failed to investigate [his] grievances and would attempt to punish him when he complained about her not doing her job." [*Id.*]. However, from reading the R&R and the parties' briefs, it appears that Jamison's handwritten follow-ups regarding Grievance Number 201920 have yet to make it into the record. Admittedly, Jamison discussed some seemingly relevant written complaints in his Response [Doc. 134] opposing Defendants' motions to dismiss, but they aren't in the record for the Court to

3

consider. *See, e.g.*, [Doc. 134, pp. 3–4, 11–12]. Even though "[n]o copies" of these written complaints "were provided" to Jamison at the time he says he gave them to various prison officials, the Court nonetheless **ADOPTS** the R&R with respect to the magistrate judge's finding that Jamison failed to exhaust his administrative remedies as to his retaliation claim. [*Id.* at p. 4].

As for the magistrate judge's R&R regarding the exhaustion of administrative remedies for Jamison's claim for a denial of a cane, the Court **ADOPTS** it as well. [Doc. 141, pp. 11–14]; [Doc. 142, p. 1]. Both adoptions, however, come with a caveat. Defendants have objected to preserve potential exhaustion-based arguments regarding Jamison's claim for a denial of a cane. [Doc. 142, p. 1]. Just as Defendants seek to preserve their "right to raise the [exhaustion] matter again if additional discovery reveals" evidence for or against exhaustion related to Jamison's claim for denial of a cane, Jamison shall also have that right when it comes to his retaliation claim. [*Id.*]. If, in fact, Jamison (as he contends) submitted handwritten complaints related to Grievance Number 201920, then that evidence will assuredly turn up in the discovery Defendants provide to him.

### B. Qualified Immunity

Defendants have also objected to the magistrate judge's recommendation on their defense of qualified immunity. [*Id.* at pp. 2–6]. On this, Defendants and the magistrate judge both state that they can find no binding precedent that requires prison

4

officials to allow inmates to use a cane while incarcerated. [*Id.* at p. 5]; [Doc. 141, p. 19]. That, however, doesn't foreclose Jamison's ability to overcome Defendants' qualified-immunity defense. As the magistrate judge discussed in his R&R, there still remains the potential showing that Defendants' alleged conduct was an obvious violation of the Constitution. [Doc. 141, pp. 17–19]. To the extent discovery reveals such a showing, it may minimize or even render unnecessary Jamison's need for some previous case that clearly established some legal principle related to a claim of deliberate indifference for safety and for serious medical needs. [*Id.* at 18–19 (quoting *Wade v. United States*, 13 F.4th 1217, 1226 (11th Cir. 2021))].

Accordingly, the Court **ADOPTS** the magistrate judge's R&R with respect to qualified immunity. Based purely on their motions to dismiss, Defendants' assertion of the defense of qualified immunity is **DENIED**. The benefits of discovery will allow all parties to present articulated arguments regarding Jamison's remaining claim as well as Defendants' assertion of qualified immunity against that claim.

C.  Conclusion

The Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 141]. Accordingly, the Court **GRANTS** Defendants Wrobel, Younger's Motion to Dismiss [Doc. 114] and Defendant Kvistad's Motion to Dismiss. [Doc. 119]. Defendants Long and Bell's Motion to Dismiss [Doc. 109] is **GRANTED in part** and **DENIED in part**. Defendants White, Gandee, Weaver, Lee, and Blackmon's

Motion to Dismiss [Doc. 128] is also **GRANTED in part** and **DENIED in part**. Unless discovery reveals otherwise, the only claim that remains in this case is Jamison's Eighth Amendment claim implicating both a deliberate indifference to safety and deliberate indifference to a serious medical need related to Defendants Long, White, Gandee, Weaver, Lee, and Blackmon's alleged denial of a cane during his confinement in the Butts County Detention Center.

The Court **LIFTS** the **STAY** of discovery previously imposed, and pursuant to the United States Magistrate Judge's Order and Recommendation [Doc. 23], the parties have 90 days from today's date to conduct discovery. [Doc. 23, pp. 19–20]. Dispositive motions should be filed at the earliest time possible, but no later than 120 days from when the discovery period begins. [*Id.* at p. 21].

**SO ORDERED**, this 10th day of May, 2022.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**