# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TEO A. JAMISON,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. MARSHAL'S SERVICE, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:19-cv-00457-TES-MSH |

## ORDER

Before the Court is Plaintiff Teo Jamison's Motion to Appeal *In Forma Pauperis* [Doc. 191] and Motion to Stay Bill of Costs [Doc. 183].

## **DISCUSSION**

### I. **Motion to Appeal *In Forma Pauperis***

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. First, 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> (2) [I]f the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. In this case, the Court allowed Plaintiff to proceed *in forma pauperis*. [Doc. 13]; [Doc. 17]. In Plaintiff's instant Motion, he affirms that he has no assets or funds from which he could pay the fee. [Doc. 191]. Therefore, the Court concludes Plaintiff has shown inability to pay.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). However, Plaintiff faces an initial obstacle—his notice of appeal was not timely filed. Federal Rule of Appellate Procedure 4 requires a party to file with the district court a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). In cases where the United States or its agency is a party, a 60-day requirement is enforced. Fed. R. App. P. 4(a)(1)(B). While this case—at first glance—might fit that latter category, it does not. To

2

be clear, Plaintiff's original Complaint listed the United States Marshal's Service as a party to this action. *See* [Doc. 1]. However, on August 16, 2021, Plaintiff filed a Recast Complaint [Doc. 99], which became the operative pleading. In his Recast Complaint, he did not name the United States Marshal's Service as a party to the case. Because "an amended complaint supersedes the former pleadings," the amended complaint controls which persons are defendants in a lawsuit. *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020). That means "onetime defendants who are dropped from an amended complaint 'do not remain in the case.'" *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1329 (11th Cir. 2020) (quoting *Palakovic v. Wetzel*, 854 F.3d 209, 221 n.13 (3d Cir. 2017)). Because the United States Marshal's Service is no longer a party to the action, Plaintiff cannot raise any issues regarding the claims against it on appeal. *Palakovic*, 854 F.3d at 221 n.13 ("We will not consider any claims in the original complaint as they applied to those [dropped] defendants."). Accordingly, the United States Marshal's Service is not a party to this case, and Plaintiff needed to file his notice of appeal within the 30-day time frame outlined in Fed. R. App. P. 4(a)(1)(A). He did not; therefore, his appeal is not taken in good faith. *Christopher v. Florida*, No. 216CV439FTM38MRM, 2018 WL 11244848, at *1 (M.D. Fla. Aug. 13, 2018) ("Given that any appeal of this matter is untimely, the Court, finds that the appeal in this case is not in good faith.").

3

Aside from Plaintiff's notice of appeal being untimely, his Motion to Appeal *In Forma Pauperis* also fails to outline the specific issues he intends to raise on appeal. Instead, Plaintiff simply asserts that these issues should be determined by a jury at trial. [Doc. 191, p. 1]. That does not clearly outline the issues he intends to raise on appeal. Such an omission is fatal to his application to appeal *in forma pauperis*. *See Muhammad v. Taylor*, No. 1:15-cv-4148-WSD, 2018 WL 10246465, at *2 (N.D. Ga. May 31, 2018) (holding that without a statement of the issues to be raised on appeal, a court cannot determine if the appeal is taken in good faith, "which is fatal to [the plaintiff's] application."); *see also McNair v. Bernard*, No. 1:17-cv-205-WSD, 2017 WL 9963366, at *1 (N.D. Ga. Nov. 27, 2017) (collecting cases). Accordingly, the Court **DENIES** Plaintiff's Motion to Appeal *In Forma Pauperis* [Doc. 191].

## II.  Motion to Stay Bill of Costs

Next, Plaintiff asks the Court to "stay payment of summary judgment until [the] appeal is decided." [Doc. 183, p. 1]. When evaluating a stay pending appeal, the Eleventh Circuit requires a plaintiff to show: "(1) a likelihood that he will prevail on the merits of the appeal; (2) irreparable injury to the petitioner unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *In re Grand Jury Proc.*, 689 F.2d 1351, 1353 (11th Cir. 1982). Here, Plaintiff's bare filing does not address any reason for such a stay. In fact, Plaintiff's argument as to why payment should be stayed is only one sentence devoid of any legal argument or other

assertions for the Court to consider. *Armstrong v. Barr*, No. 7:17-CV-01857-LSC, 2020 WL 4201826, at *2 (N.D. Ala. July 22, 2020) ("As an initial matter, Plaintiff's motion to stay makes no argument whatsoever as to the second, third, or fourth criteria that the Eleventh Circuit has adopted. For this reason alone, Plaintiff's motion to stay Defendant's Bill of Costs pending appeal is due to be denied."); *Kelsey v. Simmons*, No. 5:8-CV-284 CAR, 2010 WL 3420896, at *1 (M.D. Ga. Aug. 26, 2010); *Chamberlain Grp., Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 31176068, at *1 (N.D. Ill. Sept. 30, 2002) (denying motion to stay because the plaintiff failed to cite to any authority). For these reasons, the Court also **DENIES** Plaintiff's Motion to Stay [Doc. 183].

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Plaintiff's Motion to Appeal *In Forma Pauperis* [Doc. 191] and Motion to Stay Bill of Costs [Doc. 183]. If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.

**SO ORDERED**, this 8th day of May, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**