**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **TEO A. JAMISON,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:19-cv-00457-TES-MSH** |
| **U.S. MARSHAL'S SERVICE,** *et al.,* | |
| *Defendants.* | |

**AMENDED ORDER**

Before the Court is Plaintiff Teo Jamison's Motion to Appeal *In Forma Pauperis* [Doc. 191] and Motion to Stay Bill of Costs [Doc. 183].[1]

**DISCUSSION**

**I.**     **Motion to Appeal *In Forma Pauperis***

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. First, 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .

---

[1] Upon closer review of the record, the Court **VACATES** its prior Order [Doc. 192] to further address the 60-day timeline of Federal Rule of Appellate Procedure 4(a)(1)(B) and clarify its potential application to this case.

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

    (A) shows . . . the party's inability to pay or to give security for fees and costs;

    (B) claims an entitlement to redress; and

    (C) states the issues that the party intends to present on appeal.

(2) [I]f the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal.

### A.    <u>Inability to Pay</u>

In this case, the Court allowed Plaintiff to proceed *in forma pauperis*. [Doc. 13]; [Doc. 17]. In Plaintiff's instant Motion, he affirms that he has no assets or funds from which he could pay the fee. [Doc. 191]. Therefore, the Court concludes Plaintiff has shown inability to pay.

### B.    <u>Good Faith</u>

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit

either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

1. <u>**Timeliness**</u>

a. <u>**Defendant United States Marshal's Service**</u>

Here, the timeliness of Plaintiff's Notice of Appeal [Doc. 185] must be addressed first. Federal Rule of Appellate Procedure 4 requires a party to file with the district court a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). In cases where the United States or its agency is a party, a 60-day requirement is enforced. Fed. R. App. P. 4(a)(1)(B). At first glance, this case might fit that latter category, but it does not. To be clear, Plaintiff's original Complaint [Doc. 1] listed the United States Marshal's Service as a party to this action. *See* [Doc. 1, pp. 1–2, 8]. However, on August 16, 2021, Plaintiff filed a Recast Complaint [Doc. 99], which became the operative pleading. In his Recast Complaint, he did not name the United States Marshal's Service as a party to the case. Because "an amended

3

complaint supersedes the former pleadings," the amended complaint controls which persons are defendants in a lawsuit. *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020). That means "onetime defendants who are dropped from an amended complaint 'do not remain in the case.'" *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1329 (11th Cir. 2020) (quoting *Palakovic v. Wetzel*, 854 F.3d 209, 221 n.13 (3d Cir. 2017)). Because the United States Marshal's Service is no longer a party to the action, Plaintiff cannot raise any issues regarding the claims against it on appeal. *Palakovic*, 854 F.3d at 221 n.13 ("We will not consider any claims in the original complaint as they applied to those [dropped] defendants.").

### b.     Defendant Kimberly Kivstad

After the Court issued its prior Order, it noted Kimberly Kvistad—a U.S. Marshal's Service employee—was a separate party from the United States Marshal's Service. Therefore, there is an argument that Plaintiff's Notice of Appeal was timely, because Kvistad's status as a party—no matter her subsequent dismissal—allowed Plaintiff to avail himself of the 60-day limit in Fed. R. App. P. 4(a)(1)(B).

With that in mind, there is still at least a question of whether the 60-day appeal deadline serves the purposes underlying Federal Rule of Appellate Procedure 4(a)(1)(B). As a procedural primer, the Court first dismissed Plaintiff's housing accommodation claims against Kvistad during its frivolity review on September 14, 2021. *See* [Doc. 100]; [Doc. 116]. Additionally, Plaintiff's Amended Complaint [Doc. 99],

the operative pleading, listed only finger-related claims against Kvistad. On May 11, 2022, the Court dismissed Kvistad as a party to the case. *See* [Doc. 141]; [Doc. 149]. Plaintiff's claims against Kvistad only referred to his finger injury—not his knee. [Doc. 99]; [Doc. 119 ("Specifically, Defendant Kvistad moves to dismiss the only pending claim against her, *i.e.*, that she acted with deliberate indifference to a serious medical need in connection with Plaintiff's finger injury and treatment thereof.")]. However, Plaintiff's appeal specifically mentions the Court's grant of summary judgment—not the Court's dismissal of Kvistad. [Doc. 185 ("Plaintiff appeals summary judgment of U.S. District Judge Tilman E. Self, III[.]")]. That Order does not involve Kvistad or the finger-related claims. Because the Court does not have an opportunity to address this issue once Plaintiff's case is on appeal, the Court addresses it now.

In *Virginia Land Company v. Miami Shipbuilding Corporation*, the former Fifth Circuit held that Federal Rule of Appellate Procedure 4 was not "intended to change the rule in respect to appeals by other persons from orders with which the United States had no concern simply because of the fact that the United States was a party to the proceeding below but not to the issues involved in the appeal." 201 F.2d 506 (5th Cir. 1953) (binding on this Court via *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)). While the Eleventh Circuit reviewed *Virginia Land* in an unpublished opinion, it did not explicitly disclaim its binding authority. *S.E.C. v. Pension Fund of Am. L.C.*, 377 F. App'x 957, 960 (11th Cir. 2010) (discussing a case involving a continuing S.E.C. receivership).

Instead, it held that under the facts of that specific case, where the United States oversaw a lengthy receivership in which it retained an interest, *Virginia Land* did not apply. But here, the only agent or officer of the United States involved in this case was dismissed nearly a year before the appeal began, and the appeal involves a claim unrelated to the United States' officer. Thus, it seems convincing to the Court that the logic of *Virginia Land* would apply to preclude the application of the 60-day appeal window.

Notwithstanding that, as Justice Thomas noted in his recent concurrence, "a 'party' dismissed from a lawsuit is no longer a 'party' to it after his dismissal." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1015 (2022) (Thomas, J. concurring) (discussing a defendant dismissed from a suit nearly a year before the final judgment was entered). Other courts have reached that conclusion, too. *Boyce v. Andrew*, 510 F.3d 1333, 1341 (11th Cir. 2007) (describing a defendant who was granted summary judgment as "no longer a party in this case."); *Everett v. BRP-Powertrain, GmbH & Co. KG*, 282 F. Supp. 3d 1063, 1066 (E.D. Wis. 2017) ("This reading of the rule is supported by the fact that parties who are dismissed from a case usually are no longer considered 'parties' for purposes of the federal rules."); *Falor v. G&S Billboard*, No. CIVA 04-2373 HAA, 2006 WL 3043128, at *6 (D.N.J. Oct. 24, 2006) ("It is common understanding that if an original party to an action is subsequently dismissed from the action, she is no longer a party to the action after dismissal.").

Accordingly, it seems likely that the United States Marshal's Service and Kivstad are not parties to this case for purposes of Rule 4(a)(1)(B), and Plaintiff needed to file his notice of appeal within the 30-day time frame outlined in Federal Rule of Appellate Procedure 4(a)(1)(A). With that said, the Court need not resolve that question for the purposes of Plaintiff's Motion to Appeal *In Forma Pauperis* because, as discussed below, his Notice of Appeal does not comply with the requirements of Federal Rule of Appellate Procedure 24. Accordingly, for the purposes of this Order, the Court assumes Plaintiff timely filed his Notice of Appeal.

### 2. <u>Federal Rule of Appellate Procedure 24</u>

More importantly to the instant Motion, Plaintiff failed to outline the specific issues he intends to raise on appeal. Instead, Plaintiff simply asserts that a jury should determine the material facts of the case and rhetorically asks whether three years of pain and suffering, including a need for knee surgery, constitutes "unnecessary punishment." [Doc. 191, p. 1]. Such generic offerings do not clearly outline the issues he intends to raise on appeal—and such an omission dooms his application to appeal *in forma pauperis*. *See Muhammad v. Taylor*, No. 1:15-cv-4148-WSD, 2018 WL 10246465, at *2 (N.D. Ga. May 31, 2018) (holding that without a statement of the issues to be raised on appeal, a court cannot determine if the appeal is taken in good faith, "which is fatal to [the plaintiff's] application."); *see also McNair v. Bernard*, No. 1:17-cv-205-WSD, 2017 WL

9963366, at *1 (N.D. Ga. Nov. 27, 2017) (collecting cases). Accordingly, the Court

**DENIES** Plaintiff's Motion to Appeal *In Forma Pauperis* [Doc. 191].

    II.    <u>**Motion to Stay Bill of Costs**</u>

Next, Plaintiff asks the Court to "stay payment of summary judgment until [the]

appeal is decided." [Doc. 183, p. 1]. When evaluating a stay pending appeal, the

Eleventh Circuit requires a plaintiff to show: "(1) a likelihood that he will prevail on the

merits of the appeal; (2) irreparable injury to the petitioner unless the stay is granted; (3)

no substantial harm to other interested persons; and (4) no harm to the public interest."

*In re Grand Jury Proc.*, 689 F.2d 1351, 1353 (11th Cir. 1982). Here, Plaintiff's bare filing

does not address any reason for such a stay. In fact, Plaintiff's argument as to why

payment should be stayed is only one sentence devoid of any legal argument or other

assertions for the Court to consider. *Armstrong v. Barr*, No. 7:17-CV-01857-LSC, 2020 WL

4201826, at *2 (N.D. Ala. July 22, 2020) ("As an initial matter, Plaintiff's motion to stay

makes no argument whatsoever as to the second, third, or fourth criteria that the

Eleventh Circuit has adopted. For this reason alone, Plaintiff's motion to stay

Defendant's Bill of Costs pending appeal is due to be denied."); *Kelsey v. Simmons*, No.

5:8-CV-284 CAR, 2010 WL 3420896, at *1 (M.D. Ga. Aug. 26, 2010); *Chamberlain Grp., Inc.*

*v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 31176068, at *1 (N.D. Ill. Sept. 30, 2002)

(denying motion to stay because the plaintiff failed to cite to any authority). For these

reasons, the Court also **DENIES** Plaintiff's Motion to Stay [Doc. 183].

## <u>CONCLUSION</u>

Based upon the foregoing, the Court **VACATES** its prior Order [Doc. 192] and

**DENIES** Plaintiff's Motion to Appeal *In Forma Pauperis* [Doc. 191] and Motion to Stay

Bill of Costs [Doc. 183]. If Plaintiff wishes to proceed with his appeal, he must pay the

entire $505 appellate filing fee.

**SO ORDERED**, this 8th day of May, 2023.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**